UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **VICTORIA SMITH** | **CASE NO. 6:19-CV-01341** |
| **VERSUS** | **JUDGE JUNEAU** |
| **GEOVERA INSURANCE CO ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Pending before the undersigned magistrate judge are two motions referred by the district judge, to wit: (1) Motion to Remand [Doc. 11] filed by plaintiff Victoria Smith; and (2) Motion to Sever and Drop Claims [Doc. 5] filed by defendant GeoVera Specialty Insurance Company ("GeoVera"). Both motions are opposed [Docs. 16 & 10, respectively], and both movants filed reply briefs [Docs 19 & 13, respectively]. For the following reasons, the undersigned recommends that the Motion to Sever and Drop Claims be DENIED, and the Motion to Remand be GRANTED, and that this matter be remanded to the 16th Judicial District Court for the Parish of Iberia.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This lawsuit arises out of the destruction of a home by fire, and the plaintiff's resulting lawsuit to obtain coverage for her loss under the terms of an insurance policy issued by the defendant. The plaintiff owned the property located at 404 Texaco Street, New Iberia, Louisiana 70563 (the "Property"), which she alleges was covered by a GeoVera insurance policy that provided coverage for fire-related

losses. On September 3, 2018, the home caught fire, damaging its structure and contents and causing plaintiff to incur additional living expenses. The plaintiff alleges that the fire was intentionally set by her ex-wife, Michelle Smith, a Louisiana citizen.

Plaintiff contacted GeoVera promptly after the fire to report her loss. GeoVera sent an adjuster to the property but denied the claim. The plaintiff alleges that GeoVera has not made any payments to her for her fire-related loss. On September 4, 2019, plaintiff filed a Petition for Bad Faith and Damages against GeoVera and Michelle Smith in the 16th Judicial District Court for the Parish of Iberia, the domicile of the plaintiff and the parish where the property is located. On October 11, 2019, GeoVera filed a Notice of Removal, removing the action to this Court.

In its Notice of Removal, GeoVera argues this matter is properly removed on the basis of diversity jurisdiction under 28 U.S.C. §1332, because co- defendant Michelle Smith has been improperly joined as a party. After removal, the plaintiff filed a motion to remand, arguing that Michelle Smith has been properly joined, and her presence in the lawsuit destroys diversity, therefore the matter should be remanded. GeoVera filed a motion to sever and drop the claims against Michelle Smith, arguing she was improperly joined and the claims against her should be dismissed, a scenario that would maintain diversity jurisdiction and allow this matter to remain in this Court.

## II. ANALYSIS

This suit was removed by the defendant on the basis of diversity, with the defendant arguing that Michelle Smith, who is not diverse, was improperly joined. Specifically, the defendant argues that there is no "community of interest" between the breach of contract claim against GeoVera and the alleged tort claim against Michelle Smith, and GeoVera is not solidarily liable for Michelle Smith's allegedly tortious actions under the GeoVera homeowner's insurance policy. Consequently, this Court must determine whether the plaintiff's claims against Michelle Smith and GeoVera are sufficiently related such that they should be joined in the same lawsuit. If the claims against the defendants share a community of interest, this Court lacks diversity jurisdiction over Michelle Smith, and remand is appropriate.

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[1] Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[2] and those in which the amount in controversy exceeds $75,000 and the parties are

---

[1] See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010); *Howery v. Allstate Ins., Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[2] 28 U.S.C. § 1331.

citizens of different states.[3] For that reason, a suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[4] Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns."[5] The removal statute must therefore be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand and against federal-court jurisdiction.[6] The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction by a preponderance of the evidence.[7] When an action is removed from state court, as this suit was, the removing party bears the burden of proving that federal-court jurisdiction exists.[8] Accordingly, the

---

[3] 28 U.S.C. § 1332.

[4] *Howery v. Allstate*, 243 F.3d at 916.

[5] *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995).

[6] *Carpenter v. Wichita Falls*, 44 F.3d at 366; *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[7] *Howery v. Allstate Ins. Co.*, 243 F.3d at 919; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[8] *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

defendants, as the removing parties, have the burden of establishing that this Court has subject-matter jurisdiction over this action.

To remove a case based on diversity jurisdiction, a defendant must demonstrate "that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied."[9] Thus, the removing defendant must establish that the amount in controversy exceeds $75,000 and the parties are diverse in citizenship.[10] In this case, the removing defendants contend that these criteria are satisfied when the citizenship of Michelle Smith -- the allegedly improperly joined defendant -- is disregarded, while the plaintiff argues that complete diversity does not exist because there is no basis for disregarding Michelle Smith's citizenship.

**A.     Does the amount in controversy exceed the statutory threshold?**

The amount in controversy is the sum claimed by the plaintiff in his complaint if the claim was apparently made in good faith.[11] When the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.[12]

---

[9] *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (*en banc*).

[10] 28 U.S.C. § 1332.

[11] *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253; *De Aguilar v. Boeing Co.*, 47 F.3d at 1408; *Nat'l Union Fire Ins. Co. of Pittsburgh v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992).

[12] *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

This burden can be satisfied either by demonstrating that the amount in controversy is facially apparent from the plaintiff's pleadings or by setting forth the facts in controversy, with summary-judgment-type evidence, that support a finding of the requisite amount.[13]

In its Notice of Removal, GeoVera alleges that the homeowner's policy issued to Victoria Smith at the time of the fire had the following limits of liability: $148,000 for dwelling coverage; $7,400 for other structures coverage; $74,000 for personal property coverage; and $29,600 for loss of use coverage. GeoVera further alleges that Victoria Smith testified at her deposition that she submitted an estimate and proof of loss to GeoVera claiming a total of $115,583.35 for whole loss and damage, less the $1,000 deductible. In its motion to remand, the plaintiff does not challenge the Court's diversity jurisdiction based on the amount in controversy. Therefore, the record shows that the facts in controversy in this matter show that Victoria Smith is seeking damages in excess of $75,000, exclusive of interest and costs. Therefore, the amount-in-controversy requirement under 28 U.S.C. §1332(a) has been met.

**B.      Are the parties diverse in citizenship?**

---

[13]*Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Allen v. R & H*, 63 F.3d at 1335.

The basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by inference.[14] Therefore, when jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged.[15] Furthermore, "the burden of establishing jurisdiction rests upon the party seeking to invoke it and cannot be placed upon the adversary who challenges it."[16] For those reasons, "[t]he burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof."[17] Once a motion to remand is filed, the burden is on the removing parties to prove that federal jurisdiction exists.[18]

In the instant case, the record shows that the plaintiff is a Louisiana citizen, and GeoVera is a foreign corporation. A corporation is a citizen of both its state of incorporation and the state of its principal place of business. GeoVera is organized and incorporated under the laws of the State of Delaware, with its principal place of business in Fairfield, California. Thus, GeoVera is deemed to be a citizen of Delaware and California. Although Geo Vera does not include the citizenship of

---

[14] *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983).

[15] *Getty Oil v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).

[16] *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961).

[17] *Ray v. Bird and Son and Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).

[18] *De Aguilar v. Boeing*, 47 F.3d at 1408.

Michelle Smith in its Notice of Removal, on grounds her citizenship is immaterial as she was improperly joined, the plaintiff alleges that Michelle Smith is a citizen of Louisiana, and that her citizenship destroys diversity in this matter.

These allegations were sufficient, at the time of removal, to permit the undersigned to evaluate the citizenship of the parties. If Michelle Smith's citizenship is disregarded, as requested by GeoVera, the parties are diverse, and the motion to dismiss should be denied. If Michelle Smith's citizenship must be considered, however, diversity is destroyed. Therefore, the undersigned must determine whether Michelle Smith was improperly joined.

## C.  **Was Michelle Smith improperly joined?**

The plaintiff's challenge to the Court's jurisdiction is based solely upon whether Michelle Smith was improperly joined. GeoVera contends that Michelle Smith was improperly joined and, consequently, that her citizenship need not be considered when analyzing whether the parties are diverse in citizenship. To establish the improper joinder of a non-diverse defendant, the removing defendant must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[19] When assessing whether diversity jurisdiction exists, a court

---

[19] *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

8

must disregard the non-diverse citizenship of an improperly joined defendant. But a defendant who contends that a non-diverse party is improperly joined has a heavy burden of proof.[20] The court must ordinarily evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.[21] If the court then finds that there is no possibility of recovery against the non-diverse party, the non-diverse party has been improperly joined, and its citizenship must be disregarded for jurisdictional purposes. The test to be applied in evaluating improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis under state law for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[22] Thus, in determining whether the plaintiff states a claim against Michelle Smith, state joinder rules govern the analysis.[23]

---

[20] *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).

[21] *Green v. Amerada Hess*, 707 F.2d at 205; *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

[22] *Smallwood v. Illinois Cent.*, 385 F.3d at 577.

[23] *See Davis*, 2011 WL 6180054, at *3; *Accardo v. Lafayette Ins. Co.*, No. 06–8568, 2007 WL 325368, at *4 (E.D.La. Jan. 30, 2007).

In the original petition, plaintiff couched her claims against GeoVera in contract, alleging breach of contract for GeoVera's failure to pay her fire-related claims under the homeowner's policy in question. The claims against Michelle Smith, however, sound in tort, as the plaintiff alleges that Michelle Smith intentionally set fire to the home located at 404 Texaco Street in New Iberia, Louisiana.

Articles 461 and 463 of the Louisiana Code of Civil Procedure governs the issue of cumulation of claims. Article 461 provides that "[c]umulation of actions is the joinder of separate actions in the same judicial demand, whether by a single plaintiff against a single defendant, or by one or more plaintiffs against one or more defendants." *La.Code Civ. Proc. Ann.* art. 461. Article 463 provides the applicable rule governing joinder in this case and specifically states:

> Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
>
> (1) There is a community of interest between the parties joined;
>
> (2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
>
> (3) All of the actions cumulated are mutually consistent and employ the same form of procedure.
>
> Except as otherwise provided in Article 3657, inconsistent or mutually exclusive actions may be cumulated in the same suit if pleaded in the alternative.

La. Code Civ. Proc. art. 463.

In the instant matter, the parties dispute the existence of a community of interest between the defendants. The Louisiana Supreme Court has defined "community of interest" as "the parties' causes of actions (or defenses) 'arising out of the same facts or presenting the same factual and legal issues.'" *Stevens v. Bd. of Trustees of Police Pension Fund of City of Shreveport,* 309 So.2d 144, 147 (La.1975). The Louisiana Fourth Circuit Court of Appeal has stated that a "community of interest is present between different actions or parties, where enough factual overlap is present between the cases to make it commonsensical to litigate them together." *Mauberret–Lavie v. Lavie,* 850 So.2d 1, 2 (La. App. 2nd Cir. 2003), *writ denied,* 861 So.2d 569 (La.2003).

In *J.O.B Investments, LLC v. Gootee Servs., LLC*, 908 F. Supp. 2d 771, 775–77 (E.D. La. 2012), the court was faced with a similar factual scenario. In *J.O.B.*, the owner of an apartment complex brought a state-court action for breach of contract and negligence against contractors that allegedly performed faulty work causing the apartment complex's air conditioning system to break down. The apartment owner also brought bad faith claims against its property insurers for their failure to timely adjust and pay insurance claims. The insurers removed the action to federal court and moved to sever the non-diverse contractors as improperly joined, and the apartment owner moved to remand. The federal district court, applying Louisiana law, determined that there was a community of interest among the parties, to wit:

11

Here, the Court finds that there is sufficient factual overlap between plaintiff's claims against the contractors and its claims against Travelers and Mount Hawley for common sense to suggest that the claims be litigated together. It is true that plaintiff's claims against the contractors and the insurers are legally distinct, since plaintiff executed separate contracts with the contractors and with the insurers, and the insurers are not responsible for the conduct of the contractors. But unlike other cases in which courts held that claims against contractors lacked a community of interest with a property owner's claims against its insurers, here, the contractors allegedly caused the damage, rather than having been hired to repair the damage after it occurred. *Cf. Milliet v. Liberty Mut. Ins. Co.,* No. 07–7443, 2008 WL 147821, at *3 (E.D.La. Jan. 11, 2008) (claims against insurers for hurricane damage and claims against contractors performing post-hurricane repairs were only tangentially related and thus egregiously misjoined); *Savoie v. Safeco Ins. Co. of America,* No. 06–7808, 2007 WL 675304, at *1–2 (E.D.La. Feb. 27, 2007) (because claims against contractor concerned repairs that occurred months after the hurricane that produced the damage for which insurance coverage was sought, claims did not involve common questions of law or fact).

Indeed, plaintiff's claims against defendants concern not just the same property, but the specific causes of the air conditioning unit's malfunction. Plaintiff asserts that the contractors failed to maintain the unit under the terms of their contracts and were negligent in their workmanship. Travelers and Mount Hawley contend in their answers that they had no obligation to provide coverage to plaintiff because both insurance policies contained exclusions for "corrosion". Travelers' policy states in its exclusions section, "We will not pay for loss or damage caused directly or indirectly by any of the following ... depletion, deterioration, corrosion, erosion, decay, wear and tear or rust." Similarly, Mount Hawley's "Causes of Loss" form excludes "loss or damage caused by or resulting from any of the following: ... [r]ust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself".

Although GeoVera does not so argue, it appears axiomatic that coverage under

the GeoVera insurance contract will turn on an interpretation of the policy's

exclusions, given that GeoVera has denied the claim. The parties have not attached a copy of the GeoVera policy, so that instrument is not before the Court. In its Answer to the plaintiff's Complaint, however, GeoVera avers that it denied coverage "based on the Policy's provisions because, inter alia, the Texaco Street property had been "vacant" or "unoccupied" for more than 30 days before the fire/arson incident."[24] In Paragraph 25 of its Answer, GeoVera cites the following portions of the policy:

**FOURTH DEFENSE**

    25. The Policy issued to Victoria Smith contains certain provisions concerning Perils Insured Against under the Policy and the Policy's Master Endorsement – Louisiana, which provide, in pertinent part:

**Section I – Perils Insured Against**

    **A. Coverage A – Dwelling And Coverage B – Other Structures**

    **1. We insure against direct physical loss to property described in Coverages A and B.**

    **2. We do not insure, however, for loss:**

\*\*\*
    **c.** Caused by:
\*\*\*

    **(4)** Vandalism and malicious mischief, if the dwelling has been "vacant" or "unoccupied" for more than 30 consecutive days immediately before the loss. A dwelling being constructed is not considered "vacant" or "unoccupied."

\*\*\*

---

[24] See Answer, Doc. 4, ¶25.

> Additionally, the Policy's Master Endorsement – Louisiana defines the terms "Unoccupied" and "Vacant" as follows:
>
> The following words and phrases are defined and are added to Paragraph **B**:
>
> \*\*\*
>
> **18.** "Unoccupied" means the dwelling is not being inhabited as a residence.
>
> **19.** "Vacant" means the dwelling lacks the necessary amenities, adequate furnishings, or utilities and serves to permit occupancy of the dwelling as a residence.

Thus, despite arguing that the plaintiff's claim was denied on the basis of being unoccupied for a period of 30 days, GeoVera cites in its Answer certain provisions of the policy that pertain to exclusions for acts of vandalism, malicious mischief, and fire.[25] These citations to the policy exclusions confirm that the denial of the plaintiff's claims is, at the very least, related to the allegations the plaintiff is making against Michelle Smith. Thus, the undersigned concludes that there is enough factual overlap between the cases to make it commonsensical to litigate them together. For this reason, the claims should be tried together, and the motion to sever should be denied.

---

[25] In its answer, GeoVera also cites as a defense, the policy exclusions for "intentional loss" . . . "with respect to loss caused by fire," as well as the policy exclusion for "criminal acts of illegal activity." *See* Answer, Doc. 4, ¶ 26.

Because the undersigned finds that the claims against Michelle Smith and GeoVera should be tried together, diversity of citizenship is destroyed, and this matter must be remanded.

### III. CONCLUSION

Considering the foregoing,

IT IS RECOMMENDED that GeoVera's Motion to Sever and Drop Claims [Doc. 5] be DENIED. IT IS FURTHER RECOMMENDED that the plaintiff's Motion to Remand [Doc. 11] be GRANTED, and that this matter be remanded to the 16th Judicial District Court for the Parish of Iberia.

Signed at Lafayette, Louisiana, this 17th day of April, 2020.

*[signature]*

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE